**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC W. ZESSMAN,<br><br>Petitioner,<br><br>vs.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>Respondents. | Case No. 2:15-cv-00160-JAD-GWF<br><br>**Order Dismissing Petition as Successive** |

Pro se prisoner Eric W. Zessman brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2003 state-court conviction for robbery and conspiracy to commit robbery.[1]  Because this is Zessman's seventh habeas petition challenging this conviction, and he did not get permission from the Court of Appeals before filing this successive petition as the statute requires, I dismiss this case.

**Discussion**

**I.     The Petition Must be Dismissed as Successive**

I have conducted a preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  A district court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[2]

This case must be dismissed as an unauthorized successive petition because Zessman ignored 28 U.S.C. § 2244(b), which requires that a petitioner seeking to file a "second or successive" habeas petition must first obtain authorization from the federal Court of Appeals to do

---

[1] ECF 1.

[2] Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

so.[3] This case is Zessman's seventh habeas corpus petition filed in this court, all of which I take judicial notice.[4] His first habeas corpus action, filed as case number 2:98-cv-00530, was dismissed May 13, 2002.[5] His second habeas action, filed as case number 2:01-cv-00382, was dismissed as unexhausted.[6] His third habeas petition, filed as case number 2:01-cv-1273, was dismissed because his claims were not cognizable.[7] Petitioner's fourth habeas petition, case number 2:04-cv-00274, was reviewed on the merits and denied April 27, 2005.[8] His fifth habeas petition, case number 2:05-cv-00776, was dismissed as procedurally defaulted.[9] Lastly, petitioner's sixth habeas petition, case number 2:15-cv-0006, was dismissed for a procedurally defective *in forma pauperis* application.[10] Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals to file this successive habeas petition. As a result, this court cannot entertain the petition and it will be dismissed as an unauthorized, successive petition.

## II.   Denial of Certificate of Appealability

I next consider whether petitioner should be granted a certificate of appealability for this dismissal. In order to proceed with any appeal, petitioner must receive a certificate of

---

[3] *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (petitioner did not receive authorization from the federal Court of Appeals before filing a second or successive petition, so "the District Court was without jurisdiction to entertain [the petition]"); *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (noting, "the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the Court of Appeals before a second or successive habeas application under § 2254 may be commenced").

[4] 2:98-cv-00530; 2:01-cv-00382; 2:01-cv-1273; 2:04-cv-00274; 2:05-cv-00776; and 2:15-cv-0006.

[5] ECF 50 in 2:98-cv-00530.

[6] ECF 10 in 2:01-cv-00382.

[7] ECF 8 in 2:01-cv-1273.

[8] ECF 21 in 2:04-cv-00274.

[9] ECF 9 in 2:05-cv-00776.

[10] ECF 2 in 2:15-cv-0006.

appealability.[11]  District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.[12]  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.[13]  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[14]  In order to meet this threshold requirement, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.[15]  In this case, no reasonable jurist would find my dismissal of this successive petition debatable or wrong.  I therefore deny petitioner a certificate of appealability.

**Conclusion**

Accordingly, with good cause appearing and no reason for delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **this action is DISMISSED AS A SUCCESSIVE PETITION** and **a certificate of appealability is DENIED.  The Clerk of Court is directed to enter JUDGMENT accordingly and close this case.**

Dated:  December 7, 2015.

_____
Jennifer Dorsey
United States District Judge

---

[11] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950–951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001).

[12] Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases.

[13] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

[14] *Id.* (quoting *Slack*, 529 U.S. at 484).

[15] *Id.*